UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Cannon, III, | C/A No. 8:18-cv-00975-DCC |
| Petitioner, | |
| vs. | ORDER |
| Aaron S. Joyner, | |
| Respondent. | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). Respondent filed a Motion for Summary Judgment and a Return and Memorandum. ECF Nos. 23, 24. On August 2, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 25. Petitioner filed a Motion to Stay Petition and a Motion to "Toll the Time" or to Dismiss but failed to respond to the Motion for Summary Judgment. *See* ECF Nos. 27, 28. Respondent filed a Response in Opposition to Petitioner's Motions. ECF No. 33.

The Magistrate Judge filed a second Order on October 15, 2018, giving Petitioner through November 1, 2018, to file his response to the motion for summary judgment. ECF No. 35. Petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. *Id.* Petitioner did not respond to the motion.

On November 16, 2018, the Magistrate Judge issued a Report recommending that the this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 38. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. This action is **DISMISSED** without prejudice pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure.[1]

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 13, 2018
Spartanburg, South Carolina

---

[1] Petitioner's Motion to Stay Petition [27] and Motion to "Toll the Time" or Dismiss [28] are denied. *See Purnell v. South Carolina*, C/A No. 3:11-2593-RBH, 2011 WL 5403401, at *2 (D.S.C. Nov. 8, 2011) (denying a motion to stay where the petitioner failed to file objections or request additional time to object to the magistrate judge's report). Further, it appears Petitioner has exhausted his state court remedies; accordingly, a stay is not warranted in this case.